UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BARKZI IDRIS,<br>A-060-829-410 | No.  1:26-cv-01057-DC-DMC-HC |
| Petitioner, |  |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN OF THE CALIFORNIA CITY<br>DETENTION FACILITY, |  |
| Respondent. |  |

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2214. Respondent filed a motion to dismiss, ECF No. 11.

**I. BACKGROUND**

Petitioner contends he legally entered the United States on a visa in 2009, and soon after was approved for a green card via marital status. See ECF No. 1, pg. 5. According to Petitioner, all his family are U.S. citizens and Petitioner lived in the United States "for almost 17 years and built a life with family" working as a military contractor. Id. Petitioner asserts that he was charged with a crime and sentenced to three years at a fire camp. See id. at 5-6. According to Petitioner, he was placed in immigration detention when his sentence concluded and therefore has been detained since March 5, 2025. See id. Petitioner asserts that he was denied bond "due to

1

jurisdiction." Id. at 6. Petitioner argues his detention is prolonged and, absent an individualized determination that his detention is justified, it violates his due process rights. See id. at 6-12. Petitioner contends that due process entitles Petitioner to a bond hearing where the government has the burden to prove by clear and convincing evidence that Petitioner is a danger or a flight risk and alternatives to detention must be considered. See id. at 13-16.

Respondent argues that Petitioner's rights have not been violated throughout his detention as he was provided a bond hearing where bond was denied on the merits and Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) due to his aggravated felony charge. See ECF No. 11, pgs. 1-2. Respondent asserts that § 1226(c)(1)(B) mandates detention of noncitizens charges with an aggravated felony, pursuant to § 1227(a)(2)(A)(iii), which is defined in § 1101(a)(43)(F) as "a crime of violence punishable by more than one year in prison." Id. at 2. Respondent asserts that Petitioner was charged under California Penal Code § 273.5(a), which constitutes a crime of violence. See id. at 2 (citing Banuelos-Ayon v. Holder, 611 F.3d 1080, 1086 (9th Cir. 2010).

Further, Respondent contends that Petitioner "has taken steps to prolong his immigration case, a significant factor in his continued detention" because Petitioner requested and was granted two continuances in his removal proceedings. See id. at 2-3. Respondent asserts that Petitioner's detention is not indefinite because it will end at the conclusion of removal proceedings. See id. at 3-4. Respondent contends that mandatory detention pursuant to § 1226(c) was upheld by the Supreme Court as facially constitutional in Demore v. Kim, 538 U.S. 510, 531 (2003). See id. at 3-5.

## II. DISCUSSION

The most important consideration to determine whether immigration detention is mandatory or discretionary, and the process afforded to the detainee to challenge such detention is what statute, and section of said statute, applies to the individual's case. See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, governs the apprehension and detention of noncitizens whose removal

2

proceedings are pending. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 1226(c)(1)(E) of the Immigration and Nationality Act mandates the detention of inadmissible noncitizens[1] "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

In Jennings, the Supreme Court found that "together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope must continue 'pending a decision on whether the alien is to be removed from the United States.'" 583 U.S. 281, 303-04, (2018) ("By expressly stating that the covered aliens may be released 'only if' certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmation prohibition on releasing detained aliens under any other conditions."). Accordingly, the Court held that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." Id.

Here, Petitioner does not dispute that he was convicted of California Penal Code Section 273.5(A), corporal injury to a spouse on March 17, 2022. Respondent argues this conviction subjects Petitioner to § 1226(c) because it is a crime of violence and therefore constitutes an aggravated felony, as defined in § 1101(a)(43)(F). See ECF No. 11, pg. 2. An aggravated felony is defined as "a crime of violence (as defined in section 16 of title 18, but not including a purely political offense) for which the term of imprisonment at least one year." § 1101(a)(43)(F). Respondent cites a Ninth Circuit case which establishes that §273.5(A) is a crime of violence. See ECF No. 11, pg. 2. (citing Banuelos-Ayon v. Holder, 611 F.3d 1080, 1086

---

[1] This opinion uses the term "noncitizen" as equivalent to the statutory term "alien," in keeping with recent preferred nomenclature. Avilez v. Garland, 69 F.4th 525, 527 n.1 (9th Cir. 2023) (collecting cases).

3

(9th Cir. 2010). However, this does not address whether Petitioner here was subject to a term of imprisonment of at least one year. Indeed, the Ninth Circuit explicitly stated that §273.5(A) "will *sometimes* be an aggravated felony," citing 8 U.S.C. §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii), but it "*is categorically* a crime of domestic violence under § 1227(a)(2)(E)(i)." Carrillo v. Holder, 781 F.3d 1155, 1159-60 (9th Cir. 2015) (emphasis added).

Petitioner concedes he was sentenced to three years in fire camp, but Respondent does not address whether such sentence constitutes a "term of imprisonment of at least one year," as required by § 1101(a)(43)(F) to establish that Petitioner's detention is mandatory pursuant to § 1226(c). However, the undersigned finds that whether Petitioner was subject to § 1226(c) is immaterial here because the Executive Office for Immigration Review's (EOIR) automated case information system indicates that Petitioner was ordered removed on April 20, 2026, and no appeal has been filed. See Automated Case Information, EOIR, https://acis.eoir.justice.gov/en/ (last visited May 27, 2026).

After a noncitizen is ordered removed, ICE "shall remove the alien from the United States within a period of 90 days . . . ." (the "removal period"). 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the "date the order of removal becomes administratively final." Id. § 1231(a)(1)(B)(i). An order of removal becomes final:

> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

§ 1241.1.

ICE is required to detain the noncitizen during the removal period. § 1231(a)(2).

4

Based on the information provided on EOIR automated case information system, it appears Petitioner's order of removal is final as over 30 days have passed and the system does not reflect that an appeal has been filed. Thus, the undersigned finds Petitioner's current detention pursuant to § 1231(a)(2) is mandatory and will therefore recommend granting Respondent's motion to dismiss and denying the petition.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 11, be GRANTED and the petition for writ of habeas corpus, ECF No. 1, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within seven (7) days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 28, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE